Citation Nr: 1513849 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 13-15 215 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina



THE ISSUE

Entitlement to a disability rating for degenerative disc disease of the thoracolumbar spine in excess of 10 percent prior to March 17, 2014, and 20 percent thereafter.



REPRESENTATION

Veteran represented by: North Carolina Division of Veterans Affairs



ATTORNEY FOR THE BOARD

Kate Sosna, Associate Counsel



INTRODUCTION

The Veteran served on active duty from August 1979 to August 1983 and from August 2004 to October 2005. She also had a period of National Guard service.
This appeal comes before the Board of Veterans' Appeals (Board) from a February 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. 

This matter was remanded by the Board in December 2013. In an April 2014 rating decision, a 20 percent rating effective March 17, 2014 was granted for the issue on appeal.

The issue of entitlement to an increased rating for service-connected major depressive disorder not otherwise specified has been raised by the record (see March 2014 notice of disagreement form in the AMC temporary file) but has not been adjudicated by the RO in the first instance. Therefore, the Board does not have jurisdiction over it, and it is REFERRED to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014). 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

While further delay is regrettable, the Board finds that additional development is necessary for the issue on appeal.

In December 2013, the Board remanded the issue on appeal for procurement of treatment records and a current VA examination. In February 2014, the AOJ requested that the Veteran provide the names and addresses for any providers who treated her for her service-connected back disability. In March 2014, the Veteran submitted a properly executed VA Form 21-4142, Authorization and Consent to Release Information to the Department of VA, identifying Dr. Turner as a provider of treatment for her back from January 2011 through the present. Unfortunately, the records have not yet been requested. The records appear relevant, and should be obtained. As it has been over 180 days since the Veteran provided consent to obtain these records, a new VA Form 21-4142 must be obtained. Updated VA treatment records should also be associated with the claims file. 38 U.S.C.A. § 5103A(c) (West 2014).

Accordingly, the case is REMANDED for the following actions:

1. The AOJ should contact the Veteran and request that she complete a new authorization for release of information for Dr. Turner for records dated from January 2011 to the present, if necessary. Provided the newly signed and dated release form is returned, an attempt to obtain the identified records must be made.

2. Obtain any ongoing relevant VA treatment records that have not been associated with the claims file dated from March 2014 to the present.

3. After completing the requested action, and any additional action deemed warranted, the AOJ should readjudicate the claim on appeal. If the benefit sought on appeal remains denied, the Veteran and her representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto. The case should then be returned to the Board for further appellate consideration, if in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).





_________________________________________________
S. HENEKS
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).